IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC ELLIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-867-N-BW |
| | § | |
| CITY OF DALLAS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is a Motion to Dismiss filed by Defendant City of
Dallas ("City"), on October 7, 2025. (Dkt. No. 21.) Also pending is a Motion for
Default Judgment Against All Defendants filed by Plaintiff Eric Ellis on October 16,
2025 (Dkt. No. 26). The case was automatically referred to the undersigned
magistrate judge for case management pursuant to Special Order 3-251. (*See* Dkt.
No. 3.)

For the reasons explained below, the undersigned **RECOMMENDS** that
Ellis's Motion for Default Judgment (Dkt. No. 26) be **DENIED**, and the City's
Motion to Dismiss (Dkt. No. 21) be **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Ellis, proceeding pro se, filed this action in the 191st Judicial District Court of
Dallas County, Texas on January 13, 2025, naming as Defendants the City and three
individual police officers, one of whom is identified only as "John Doe." (*See* Dkt.
No. 1-5 ("Pet.").) The City timely removed to this Court on April 8, 2025, on the

basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. (*See* Dkt. No. 1.) At the time of removal, the City was the only defendant who had been served and appeared. (*See id.* at ¶ 11; *see also* Dkt. 1-4.)

On October 1, 2025, Ellis was granted leave to file a Second Amended Complaint (*see* Dkt. Nos. 17, 18), after which summonses were issued to Defendants Dalton Harvey and Jonathan Wellman (Dkt. No. 19). Both summonses were returned executed. (Dkt. Nos. 23, 24.)

On October 7, 2025, the City filed the instant motion to dismiss, Ellis filed a response on the same day (Dkt. No. 21), and the City filed a reply on October 21, 2025 (Dkt. No. 27). The City's motion to dismiss (Dkt. No. 21) is therefore ripe for review.

On October 16, 2025, Ellis filed a request for clerk's entry of default as to the City (Dkt. No. 25), which the clerk declined to enter. On the same day, Ellis filed the instant motion for default judgment. (Dkt. No. 26.) The City, along with Defendants Harvey and Wellman (the "Individual Defendants") (collectively, "Defendants"), filed a response on November 6, 2025 (Dkt. No. 31), to which Ellis filed a reply on November 7, 2025 (Dkt. No. 32). Accordingly, Ellis's motion for default judgment (Dkt. No. 26) is also ripe for review.

Then, on October 26, 2025, the Individual Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a

-2-

claim (Dkt. No. 29).   Ellis filed a response on the same day.  (Dkt. No. 30.)  On

November 10, 2025, the Individual Defendants filed a reply (Dkt. No. 33), after

which Ellis filed, without leave of court, a sur-reply (Dkt. No. 34) on the same date.

But a sur-reply is not authorized as a matter of right under the Court's local rules.

*See* N.D. Tex. Civ. R. 7.1 (providing for motion, response, and reply).  "Whether to

allow filing a surreply is within the sound discretion of the court, subject to review

for abuse of discretion."  *Goodson v. Nasco Healthcare Inc.*, No. 3:21-CV-1467-N, 2025

WL 2322793, at *4 (N.D. Tex. Aug. 12, 2025) (internal quotation marks omitted).

Ellis did not seek leave to file the sur-reply, and the undersigned does not find

grounds to allow him to file a sur-reply.  The undersigned therefore has not

considered the unauthorized sur-reply in making these findings, conclusions, and a

recommendation.

## II.  LEGAL STANDARDS AND ANALYSIS

### A.    The City's Motion to Dismiss

The basis of the City's motion to dismiss is Ellis's designation as a vexatious

litigant in the Northern District of Texas and his failure to seek leave before litigating

in this Court.  (*See generally* Dkt. No. 21.)  The City's brief two-page motion does not

advance any arguments addressing the merits of Ellis's claims, but instead requests

leave to later brief a Rule 12(b)(6) motion if this motion is denied.  (*See* Dkt. 21 at

ECF p. 2 n.2.)

It is true that Ellis has been declared a vexatious litigant in the Northern District of Texas. *See Ellis v. City of Fort Worth, et al.*, Case No. 4:23-CV-685-P, Dkt. Nos. 6, 8. In an order dated July 12, 2023, the Court warned Ellis that "(1) monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature, and (2) that Ellis must obtain leave to court by filing a motion before he is permitted to file any additional complaints in this district." *Id.*, Dkt. No. 8. But Ellis did not file a complaint in this Court in contravention of the order. Rather, it was the City that filed the Notice of Removal and thereby initiated proceedings in this Court.

Furthermore, contrary to the City's position, Ellis sought and obtained leave to file an amended pleading, which the City did not oppose. (*See* Dkt. Nos. 9, 10, 17, 18.) Therefore, the undersigned recommends that the City's request to dismiss Ellis's lawsuit in its entirety (Dkt. No. 21) because he has been deemed a vexatious litigant be denied. However, the City's request that it be allowed to fully brief a motion to dismiss under Rule 12(b), should be granted, as discussed below. (*See* Dkt. 21 at ECF p. 2 n.2.)

## B.    Ellis's Motion for Default Judgment

Turning to Ellis's Motion for Default Judgment Against All Defendants (Dkt. No. 26), Ellis argues that" [t]he record establishes that Defendant was properly served, had notice of the Second Amended Complaint, and failed to file a valid Rule

12 motion or answer by the October 15 deadline.  The City of Dallas has therefore

failed to plead or otherwise defend, and entry of default is mandatory under Rule

55(a)."  (*See* Dkt. No. 26 at ¶ 9.)  In his reply, Ellis maintains that the Individual

Defendants are also in default.  (*See* Dkt. No. 28 at ¶¶ 8-9)

      Rule 55 of the Federal Rules of Civil Procedure governs the entry of a default

judgment.  A default judgment is available to a plaintiff who demonstrates the

following: (1) the defendant was served with a summons and the complaint, and a

default was entered because the defendant failed to appear; (2) the defendant is not a

minor or an incompetent person; (3) the defendant is not in the military or subject to

the Soldiers and Sailors Relief Act of 1940, 50 U.S.C. § 3931; and (4) if the defendant

appeared in the case, the defendant was provided with notice of the default judgment

application at least three days before the hearing.  *See Arch Ins. Co. v. WM Masters &*

*Assocs., Inc.*, 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013)

(citing *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D.

Ariz. 2006)).  In addition, the plaintiff "must make a prima facie showing of

jurisdiction."  *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, 3:14-CV-2589-M-BN,

2016 WL 2856006, at *2 (N.D. Tex. Apr. 18, 2016) (citing *Sys. Pipe & Supply, Inc. v.*

*M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001)).

      The Fifth Circuit has set out a three-step process for a plaintiff seeking default

judgment: (1) default by the defendant; (2) entry of default by the Clerk; and (3) entry

of a default judgment by the district court.  *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015).  A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 55(a); *PharMerica Corp. v. Paragon Healthcare Grp., LLC*, No. 2:19-CV-00196, 2021 WL 9274561, at *2 (N.D. Tex. Aug. 20, 2021).  "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'"  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)); *see also Arch Ins. Co.*, 2013 WL 145502, at *2 (citing *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (observing the Fifth Circuit's general disfavor of default judgments and preference to resolve cases on their merits).  But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion."  *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990)

(noting that default judgments allow courts to manage their dockets "efficiently and effectively").

Courts have developed a three-part analysis to determine whether to enter a default judgment against a defendant. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, in assessing whether the entry of a default judgment is procedurally warranted, courts consider several factors, including: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Second, courts assess the substantive merit of the plaintiff's pleadings to determine whether there is a sufficient factual basis for default judgment. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). (finding that a plaintiff must plead sufficient facts to show it is entitled to relief). Third, courts determine what form of relief, if any, the plaintiff should receive. *See 1998 Freightliner*, 548 F. Supp. 2d at 384.

First, the undersigned finds that the Individual Defendants have timely filed their motions to dismiss pursuant to the Federal Rules of Civil Procedure. Ellis's second amended complaint was deemed filed on October 1, 2025. (*See* Dkt. No. 18),

By order dated the same date, the Court directed the clerk to issue summonses to Defendants Harvey and Wellman and ordered the United States Marshal Service to serve the summons and second amended complaint. (*See* Dkt. No. 17.) Fed. R. Civ. P. 12(a)(1)(A)(i) compels a defendant to file an answer or other responsive pleading "within 21 days after being served with the summons and complaint[.]" Thus, service of the summons and complaint was the event that triggered the 21-day period within which Defendants Harvey and Wellman were obligated to file an answer. (*See* Dkt. Nos. 23, 24.)

The record reflects that Defendant Harvey was served on October 9, 2025 (Dkt. No. 24), and Defendant Wellman was served on October 7, 2025 (Dkt. No. 23). Therefore, Harvey's deadline was October 30, 2025, and Wellman's deadline was October 28, 2025. Accordingly, entry of a default judgment pursuant to Fed. R. Civ. P. 55(a) is clearly not appropriate as to these Defendants because they have not "failed to plead or otherwise defend" in this action. To the contrary, the record reflects that Harvey and Wellman timely filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on October 26, 2025. (Dkt. No. 29.) Therefore, no default has occurred. *See* Fed. R. Civ. P. 55(a). Ellis's motion for default judgment (Dkt. No. 26) should therefore be denied as to the Individual Defendants.

-8-

With respect to the City, it timely filed a motion to dismiss on October 7, 2025 (*see* Dkt. No. 21), but as noted above, while the City generally asserted that Ellis failed to state a claim, it did not advance any specific arguments addressing the merits of Ellis's claims. (*See id.*)  The City argued merely that Ellis's claims should be dismissed because he has been deemed a vexatious litigant in this district (*see id.*), requesting leave to later brief a Rule 12(b)(6) motion if the instant motion failed (*see* Dkt. 21 at ECF p. 2, n.2).  As such, the City's motion arguably does not qualify as an answer or other responsive pleading as provided in Rule 12.  In response to Ellis's motion for default judgment, the City appears to acknowledge that its motion to dismiss did not meet the Rule 12 definition of a responsive pleading. (*See* Dkt. No. 31.)  But the City nevertheless argues that because the motion was timely filed, it evinces an attempt to defend and re-urges its request for leave to brief a Rule 12(b)(6) motion if the present motion fails. (*See id.*)

Default judgment is a harsh remedy and should only be resorted to "in extreme situations." *Lewis*, 236 F.3d at 767.  Accordingly, default judgment may be too extreme where default results from a "good faith mistake" or "excusable neglect." *Rubin v. Carvi's Custom Painting, LLC*, No. 4:24-CV-005, 2024 WL 3363920, at *3 (N.D. Tex. July 10, 2024).  Neglect is not considered excusable where there is a "clear record of delay or contumacious conduct." *Sun Bank of Ocala*, 874 F.2d at 276. Here, the record lacks any indication that the City engaged in contumacious

conduct. The City has defended the case by timely filing an answer in state court on March 27, 2025 (Dkt. No. 1-9), timely removing to this Court on April 8, 2025 (Dkt. No. 1); timely filing a Joint Status Report on September 3, 2025 (Dkt. No. 12), and timely filing a response to Ellis's motion for default judgment on November 6, 2025 (Dkt. No. 31).

In addition, the City timely filed the instant motion to dismiss on October 7, 2025, generally asserting that Ellis's second amended complaint had failed to state a claim. (*See* Dkt. 21 at ECF p. 2 n.2.) *See Rogers v. Barnhart*, 365 F. Supp. 2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala*, 874 F.2d 274 at 277 ("The filing of a motion to dismiss is normally considered to constitute an appearance[.]")). Ellis therefore cannot satisfy the first requirement for a default judgment—that the City failed "to plead or otherwise defend." Fed. R. Civ. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In addition, Ellis cannot satisfy the second requirement for a default judgment because the clerk declined to enter default.

Furthermore, the *Lindsey* factors articulated above favor denying Ellis's motion. *Lindsey*, 161 F.3d at 893. Ellis is not entitled to default judgment as a matter of right. *See Lewis*, 236 F.3d at 767. As noted previously, the Fifth Circuit generally disfavors default judgments and prefers that cases be resolve on their merits. *See Rogers*, 167 F.3d at 936. In view of the claims asserted in this case and the damages sought, a decision on the merits is warranted. *See Stelax Indus., Ltd. v.*

-10-

*Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at \*11 (N.D. Tex. Mar. 25, 2004).

Accordingly, Ellis's motion for default judgment should be denied.

## IV. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the City's Motion to Dismiss (Dkt. No. 21) be **DENIED**, and Ellis's Motion for Default Judgment (Dkt. No. 26) be **DENIED**.  The undersigned further **RECOMMENDS** that the City's request to file a motion to dismiss under Rule 12(b) be **GRANTED** and that the District Judge, in accepting this recommendation, allow the City to file a motion under Fed. R. Civ. P. 12 within 21 days after the District Judge accepts this recommendation.

**SO RECOMMENDED** on November 12, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).